IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR MADDOX,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT ROBERT GILMORE, LT. MEDVEC, C.O. GUMBERT, C.O. SAYLOR, C.O. COLLINS, C.O. ZACHARANIC, and SGT. SANTI,<br><br>Defendants. | Civil Action No. 19-1163<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 20 and 23 |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Omar Maddox ("Plaintiff") initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Superintendent Robert Gilmore ("Superintendent Gilmore"), Lieutenant Medvec ("Medvec"), C.O. Gumbert ("Gumbert"), C.O. Saylor ("Saylor"), C.O. Collins ("Collins"); C.O. Zacharanic ("Zacharanic"), and Sgt. Santi ("Santi")(collectively, "Defendants"). Plaintiff alleges that Defendants violated his constitutional rights under the First, Fifth, and Eighth Amendments, as well as his rights under the Pennsylvania Department of Corrections ("DOC") Code of Ethics. Plaintiff's claims arise out of the alleged excessive use of force during an incident that occurred on August 11, 2017.

Presently before the Court is Defendants' Motion for Judgment on the Pleadings as to certain claims and parties due to Plaintiff's failure to allege facts that entitle him to relief. ECF No. 19. For the following reasons, the Motion for Judgment on the Pleadings will be granted as to Plaintiff's claims under the First and Fifth Amendments, as well as his claims pursuant to the

DOC Code of Ethics. In addition, Defendant's motion will be granted as to Plaintiff's claims against Defendant Superintendent Gilmore but denied as to Defendant Zacharanic.

Plaintiff has filed a Motion to Amend Complaint to specify camera footage he believes will document his allegations. ECF No. 23. Because the proposed amendment does not alter Plaintiff's claims in any way, the Motion to Amend on this basis is denied. However, Plaintiff is granted leave to file an Amended Complaint to correct the deficiencies identified in this Opinion and, upon the issuance of the Court's case management order, Plaintiff may serve Defendants with a request for production of the identified camera footage.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that after failing to obey an order to return another's inmate's sandwich, Plaintiff exited the dining hall and was escorted to a pat search area. Plaintiff was surrounded "by the above officers and Sgt. Santi." ECF No. 8 ¶ 11. "The above officers" is an apparent reference to Defendants Collins, Gumbert, Saylor, and Zacharanic, whose names are listed above Plaintiff's factual allegations. Id. Santi informed Plaintiff that he was being taken to "F Block." Plaintiff called to Medvec for assistance and waved to get his attention. At that point, despite complying with an order to put his hand down, Collins pulled out a spray can. Santi directed Collins to put the spray away, but when Plaintiff failed to comply with an order to "cuff up," he was grabbed from behind, his glasses were lifted, and Collins sprayed Plaintiff's eyes. Plaintiff was then forced to the ground and was sprayed again, this time in the nose. Once on the ground, with his torso and legs pinned, and an officer's knees in his back, Plaintiff told officers he couldn't breathe. Officers laughed at Plaintiff and adjusted his position. At that point, Saylor was sitting on his head. Plaintiff yelled for Saylor to move his crotch area off his face and, after freeing his arms, Plaintiff pulled Saylor's pelvis toward him. Plaintiff alleges Saylor's penis was erect and he heard Saylor direct

Plaintiff to stop biting. Plaintiff was struck in the head with handcuffs and then sprayed again in his right ear. At this point, Plaintiff was handcuffed, taken to the medical unit and thereafter placed in the Restricted Housing Unit. Id.

Plaintiff seeks an award of compensatory damages for injuries allegedly sustained as a result of this incident, including rhinitis, impaired hearing, acute migraines, "PTSD", light sensitivity, and back aches. Id. ¶ 14. Plaintiff further alleges that this incident will hinder his ability to obtain parole. Id. ¶ 15.

In this case, the parties have consented to the jurisdiction of a Magistrate Judge. ECF Nos. 26 and 28. Under the Federal Magistrate Judges Act ("the Act"), "[u]pon consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1).

## II. STANDARD OF REVIEW

### A. Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings under Rule 12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012) (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010).

3

The United States Court of Appeals for the Third Circuit has held that when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210–11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a '"plausible claim for relief."' Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679). Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

**B. Pro Se Pleadings**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules,

during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), *overruled on other grounds*, Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Plaintiff's response to the Motion for Judgment on the Pleadings addresses in general terms each affirmative defense set forth in Defendants' Answer to the Complaint and does not address the grounds upon which relief is sought. ECF No. 23. Given this procedural anomaly, the Court acknowledges and accords deference to Plaintiff's pro se status in resolving the instant Motion for Judgment on the Pleadings.

## III. DISCUSSION

### A. Claims against Superintendent Gilmore and Corrections Officer Zacharanic

#### 1. Superintendent Gilmore

Defendants contend that Plaintiff has failed to allege any personal involvement by Superintendent Gilmore or his contemporaneous knowledge of the incident. Instead, Plaintiff merely names Superintendent Gilmore as a defendant in this action. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F2d 75, 80 (3d Cir. 1980)).

In the Complaint, Plaintiff fails to allege that Superintendent Gilmore was personally involved in the August 11, 2017, incident or that he had contemporaneous personal knowledge of what occurred. This is fatal to Plaintiff's claim against him. Superintendent Gilmore's role as superintendent of SCI Greene does not, in and of itself, establish any personal involvement with the matters at issue. Therefore, because there are no allegations demonstrating that Superintendent Gilmore had personal knowledge or involvement in the August 11, 2017 incident, he is entitled to judgment in his favor as a matter of law.

### 2. Corrections Officer Zacharanic

Defendants also contend that Plaintiff's Complaint fails to establish Corrections Officer Zacharanic's personal involvement in the incident at issue. In this action, the factual allegations of Plaintiff's Complaint are set forth below a list of four correctional officers, including Defendant Zacharanic. ECF No. 8 at 2. Plaintiff identifies the participants in the altercation as "the above officers." Id. In light of the early stage of this litigation and Plaintiff's *pro se* status, and in the absence of an opportunity to conduct discovery, the Court finds that Plaintiff has sufficiently alleged Defendant Zacharanic's involvement in the melee by identifying him as one of the "above [listed] officers." Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims against Defendant Zacharanic is denied.

### B. First Amendment Claims

Plaintiff alleges that Defendants violated his rights under the First Amendment. ECF No. 8 ¶ 15. However, as indicated by Defendants, Plaintiff fails to allege any facts giving rise to a First Amendment claim.

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where

legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). For example, alleged retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224–25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir.2001) (quoting Allah, 229 F.3d at 225).

In the instant action, the allegations set forth in Plaintiff's Complaint fail to implicate any protected First Amendment activity or retaliation. Under these circumstances, the Motion for Judgment on the Pleadings as to Plaintiff's First Amendment claims is granted.

C.   **Fifth Amendment Claims**

Defendants also seek the entry of judgment in their favor as a matter of law as to Plaintiff's Fifth Amendment claim. The Fifth Amendment provides, inter alia, that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. However, "the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials." Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009); see also Nguyen v. United States Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the fifth amendment restrict only federal governmental action...."). Plaintiff sets forth claims against employees of the Pennsylvania Department of Corrections pursuant to 42 U.S.C. § 1983. Because the due process clause of the Fifth Amendment applies only to federal officials, Plaintiff cannot maintain a Fifth Amendment claim against

Defendants. Therefore, the Motion for Judgment on the Pleadings as to Plaintiff's Fifth Amendment claims is granted.

D. **Eighth Amendment Claims**

Along with Plaintiff's First and Fifth Amendment claims, Defendants also seek dismissal of Plaintiff's Eighth Amendment claim against Superintendent Gilmore *only* because Plaintiff fails to allege any facts that would establish Superintendent Gilmore's personal involvement or acquiescence in the alleged conduct at issue. ECF No. 20 at 3-4. Because liability for Eighth Amendment claims cannot be predicated upon respondeat superior, Defendants' Motion for Judgment on the Pleadings is granted as to Plaintiff's Eighth Amendment claim against Defendant Gilmore. See, Rode, 845 F.2d at 1207-08.

E. **DOC Policy Violations**

Plaintiff alleges a claim arising from Defendants' failure to comply with the DOC Code of Ethics. ECF No. 8 ¶ 15. The adoption and application of state law procedures, policies and regulations does not ordain those procedures, policies and regulations with federal constitutional protection. See Lee v. Schrader, No. 2:13-1757, 2014 WL 2112833, at *4 (W.D. Pa. May 20, 2014) citing United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981); and see Tillman v. Pennsylvania Bd. of Prob. & Parole, No. 575 M.D. 2011, 2013 WL 3946301, at *4 (Pa. Commw. Ct. Feb. 22, 2013) (inmate fails to state a claim for the alleged violation of Code of Ethics because administrative policies do not create any enforceable rights in inmates). Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's state law claim for the violation of the DOC Code of Ethics is granted.

### F. Leave to Amend

Plaintiff has adequately asserted an Eighth Amendment claim against all Defendants except Superintendent Gilmore. However, judgment on the pleadings is appropriate as to each of Plaintiff's remaining claims against all Defendants based upon the deficiencies identified in this Opinion. The United States Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In this instance, amendment of Plaintiff's claims for the violation of the Fifth Amendment and the DOC Code of Ethics would be futile as a matter of law. However, the same cannot be said as to Plaintiff's First Amendment claim or his claims against Superintendent Gilmore. Accordingly, Plaintiff is granted leave to file an Amended Complaint **no later than March 31, 2020**, to correct any identified deficiencies as to these claims only.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is properly granted in part and denied in part. The following Order is entered:

### ORDER

AND NOW, this 3rd day of March, 2020, upon consideration of Defendants' Motion for Judgment on the Pleadings, ECF No. 19, and the brief and response filed in support and in opposition thereto, ECF Nos. 20 and 27, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings is GRANTED as to

9

Plaintiff's First and Fifth Amendment claims, his claims against Superintendent Gilmore, and his claim for the violation of the DOC Code of Ethics.

IT IS FURTHER ORDERED that the Motion for Judgment on the Pleadings is DENIED as to Defendant Zacharanic.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint at ECF No. 23 is DENIED, for failing to identify an amendment to any claim asserted in his Complaint.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an Amended Complaint to correct any deficiencies identified as to his First Amendment claim and his claim against Superintendent Gilmore. Any Amended Complaint must be filed before March 31, 2020.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Omar Maddox
JL- 1018
PO Box 945
Marienville, PA 16239